UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SUNIL A TOLANI | CIVIL ACTION NO. 6:20-0730 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| SHREVEPORT NATCHEZ HOSPITALITY LLC | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court is Plaintiff, Sunil Tolani's, Motion for Default Judgment. Rec. Doc. 16. Pursuant to Federal Rule of Civil Procedure 55(b)(2), Mr. Tolani seeks default judgment against Defendant, Shreveport Natchez Hospitality LLC (hereafter "SNH"). For the following reasons, the Motion for Default Judgment is **GRANTED IN PART** and **DEFERRED IN PART**.

**I.    Factual and Procedural Background**

This suit revolves around Mr. Tolani's and SNH's joint ownership and management of two LLCs: Prince Preferred Hotels Shreveport, LLC (hereafter "PPH Shreveport"); and Prince Preferred Hotels of Natchez (hereafter "PPH Natchez", and together with PPH Shreveport "the LLCs"). Rec. Doc. 1. Initially, both LLCs, each of which own and operate one hotel in their respective cities, were owned by Mr. Tolani. Rec. Doc. 16-2, Ex. A; Rec. Doc. 16-2, Ex. B (showing Mr. Tolani with 100% interest initially). In 2016, however, Mr. Tolani brought SNH into the LLCs, with SNH "holding a 49% equity interest in each" and Mr. Tolani retaining a majority interest in each. Id. ¶ 8; see also Rec. Doc. 16-2, Ex. F, p. 4; Rec. Doc. 16-2, Ex. G, p. 4 (showing amended operating agreements bringing SNH into LLC).

Certain organizational structures of the LLCs are key to this case. First, regarding withdrawal, members can only withdraw from the LLCs "prior to the dissolution and winding up of the Company with the unanimous consent of the other Members, or if such Member transfers or assigns all of his or her Membership Interests." Rec. Doc. 16-2, Ex. A §7.1; Rec. Doc. 16-2, Ex. B §7.1. Members could transfer their "Membership Interests to any other Person without the consent of any other Member." Rec. Doc. 16-2, Ex. A §7.2; Rec. Doc. 16-2, Ex. B §7.2. Additionally, with the addition of SNH to the LLCs' ownership, most general management decisions required approval of both Mr. Tolani and SNH, and any changes to the Operating Agreement required unanimity as well. Rec. Doc. 16-2, Ex. H, §§(3)(b-c); Rec. Doc. 16-3, Ex. I, §§(3)(b-c). Thus, any major decisions regarding the LLCs' management require the approval of both parties.

In the aftermath of bringing SNH into the LLCs, Mr. Tolani claims that the management of the hotels deteriorated, leading to a decline in revenue. Rec. Doc. 1, ¶¶ 15-19. This decline in revenue caused both LLCs to struggle to meet their financial obligations, leading to missed payments on debts, unpaid taxes, and the threat of foreclosure on both properties. Id., ¶¶ 20-21, 29. In response to this decline in business, SNH has allegedly tried to unilaterally withdraw from the LLCs entirely, but has not done so as permitted by the Operating Agreement. Id., ¶¶ 20-24. Because SNH has not effectively withdrawn, and because the structure of the LLCs requires unanimity in most decisions, Mr. Tolani is unable to effectively manage the hotels alone, leaving him unable to remedy any of the existing problems. Id.

As a result of these events, Mr. Tolani brought two claims against SNH regarding both LLCs. The first alleges that, due to its inattention and ineffective withdrawal, SNH

has violated fiduciary duties owed both to Mr. Tolani and the LLCs. The second alleges that SNH breached the Operating Agreement Contract by failing to effectively withdraw from the LLCs. Mr. Tolani is seeking specific performance and damages as a result of these alleged breaches. Id., ¶¶ 32-35. SNH is an LLC registered in Georgia, and service was completed pursuant to Ga. Code §14-11-209(f) on February 11, 2021. Rec. Doc. 7. SNH never responded or answered in this claim, leading Mr. Tolani to move for an Entry of Default. Rec. Doc. 10. The Clerk entered default against SNH. Rec. Doc. 11. Mr. Tolani subsequently moved for a Default Judgment. Rec. Doc. 16.

## II.     Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs when a default or default judgment can be entered. Fed. R. Civ. P. 55. "A default judgment involves three steps: (1) default, (2) entry of default, and (3) default judgment." G&G Closed Circuit Events, LLC v. Maracs Mexican Restaurant, LLC, 2016 WL 5316259 at *1 (W.D.La. 2016) (citing N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996)). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." Brown, 84 F.3d at 141. The clerk can then enter a default if the failure of the defendant to respond "is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). At that point, the "plaintiff may apply for a judgment based on such default." Brown, 84 F.3d at 141.

When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact." Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Thus, to be granted default judgment, the plaintiff must show in their pleadings that a viable cause of action exists. Id. ("[A] defendant's default does

not in itself warrant the court in entering a default judgment. There must still be a sufficient basis in the pleadings for the judgment entered"). Factors for the court to consider in whether to grant a Motion for Default Judgment include: "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998). Finally, while Rule 55 does not require a hearing, the Court may hold a hearing on several issues including to "determine the amount of damages" or to "investigate any other matter." Fed. R. Civ. P. 55(b)(2).

### III. Discussion

#### a. Jurisdiction

The Court notes at the outset that subject-matter jurisdiction exists in this case. The defendant, SNH, is a limited liability company that resides in Georgia. Rec. Doc. 1, ¶ 3. The plaintiff, Mr. Tolani is a resident of California. Id., ¶ 2. The damages being sought are in excess of $1,000,000. Id., ¶ 4. Thus, the Court finds that it has subject-matter jurisdiction pursuant to 28 U.S.C. §1332.

#### b. Liability regarding PPH Shreveport

Under Louisiana law, members of an LLC who are also managers are "deemed to stand in a fiduciary relationship to the limited liability company and its members." La. R.S. 12:1314(A)(1). Liability can incur if the "member or manager acted in a grossly negligent manner…or engaged in conduct which demonstrates a greater disregard of the duty of care than gross negligence…." La. R.S. 12:1314(B). Gross negligence is statutorily

4

defined as "a reckless disregard of or a carelessness amounting to indifference to the best interests of the limited liability company or the members thereof." La. R.S.12:1314(C). Notably, this Section does not "derogate from any indemnification authorized" by Louisiana Revised Statute 12:1315. La. R.S. 12:1314(A)(1).

Here, Mr. Tolani has successfully alleged that SNH has breached its fiduciary duties. Mr. Tolani has alleged in his complaint that the Hilton hotel in Shreveport, the sole asset of PPH Shreveport, has declined in value and quality since SNH became involved in the management of the hotel. Rec. Doc. 1, ¶¶ 16-17. This has led to PPH Shreveport being unable to pay debt obligations, face the "threat of imminent foreclosure," and get behind in tax obligations. Id., ¶¶ 20. Further, despite these issues, SNH has effectively sought to disengage itself from the company by seeking to walk away from the venture. Id., ¶¶ 20-24. Because SNH has not effectively withdrawn from PPH Shreveport, however, this has left Mr. Tolani with no options under the Operating Agreement of seeking to remedy these issues. Id., ¶¶ 24-30. Thus, Mr. Tolani has established in his complaint that SNH has breached its fiduciary duty through gross negligence.

None of the indemnification articles in the Operating Agreement would serve to protect SNH in this instance as regards its breach of fiduciary duty. The main indemnification clause, Article 9 of the Operating Agreement, does provide broad indemnification but only when the party "acted in good faith and in a manner that such Person reasonably believed to be in the best interests of the Company." Rec. Doc. 16-2, Ex. A, §9.1. This would not apply as Mr. Tolani has shown that SNH has not acted in good faith or in the best interests of the company. There is another indemnity clause contained in the amendment to the Operating Agreement which was meant as an

inducement to have SNH join PPH Shreveport. Id., Ex. H, §4. This clause promises that Mr. Tolani and Prince Organization shall "indemnify[,] save and hold the New Member [SNH] harmless from and against any and all claims, costs, expense, damage, liability, loss or deficiency suffered or incurred by the Company" which arose from claims or tax obligations made prior to the amendment date. Id. Thus, while SNH was indemnified from any obligations or claims which arose prior to their joining PPH Shreveport, this amendment does not provide indemnification for issues which arose after SNH had become a member.

Mr. Tolani has also established that SNH breached the Operating Agreement by failing to effectively withdraw from PPH Shreveport. To state a claim for a breach of contract under Louisiana law, a plaintiff must "prove by a preponderance of the evidence (1) defendants owed them an obligation; (2) defendants failed to perform that obligation; and (3) defendants' failure resulted in damages owed to the plaintiffs." Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC, 193 So.3d 1110, 1115 (La. 2015) (citations omitted); see also La. Civ. Code Art. 1994. Here Mr. Tolani has clearly shown that SNH owed an obligation to withdraw in certain specified ways, that SNH has failed to do so, and that this has caused him damage as he is unable to manage the hotel without SNH's proper withdrawal.

Thus, the Court finds that Mr. Tolani has established in his well pleaded complaint that SNH is liable for both a breach of fiduciary duties and a breach of contract relating to its role in PPH Shreveport. The Lindsey factors also favor a grant of default judgment regarding liability. There are no material issues of fact, Mr. Tolani is being substantially prejudiced by SNH's inaction, the grounds for default regarding liability are clear, and

there is no argument that SNH's actions are either mistaken or excusable neglect. Lindsey, 161 F.3d at 893. Consequently, default judgment regarding SNH's liability as to PPH Shreveport is proper.

### c. Liability regarding PPH Natchez

Members and managers of an LLC also have fiduciary duties to one another under Mississippi law. See Brothers v. Winstead, 129 So.3d 906, 921-22 (Miss. 2014); Bluewater Logistics, LLC v. Williford, 55 So.3d 148, 161 (Miss. 2011). Here, the allegations regarding PPH Natchez are essentially the same as with PPH Shreveport, namely that SNH allowed the Hampton Inn & Suites in Natchez to diminish in quality and thus value. Rec. Doc. 1, ¶¶ 18-19. This led to unpaid debts, unpaid taxes, and the potential for foreclosure on the property. Id., ¶¶ 20-24. SNH has also failed either to act to remedy any of the issues or to withdraw to allow Mr. Tolani to assert control. Id., ¶¶ 20-31.

As to indemnification, the Court here notes that the original Operating Agreement does not contain an indemnification clause. Rec. Doc. 16-2, Ex. B. And while the amendment adopted at the time SNH became a member of PPH Natchez includes some indemnification, it is the same limited language that only protects against claims and tax liability that arose prior to the amendment. Id., Ex. I, p. 3-4.

Mr. Tolani has also established that SNH has breached the PPH Natchez Operating Agreement. In Mississippi, "[a] breach-of-contract case has two elements: (1) 'the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" Maness v. K&A Ent. of Miss., 250 So.3d 402, 414 (Miss. 2018).

7

As with PPH Shreveport, Mr. Tolani has made a showing that SNH has violated the Operating Agreement by their unilateral and ineffective withdrawal.

Thus, the Court finds that Mr. Tolani has established in his well pleaded complaint that SNH is liable for both a breach of fiduciary duties and a breach of contract relating to its role in PPH Natchez. As with PPH Shreveport, the Lindsey factors would again favor default judgment regarding liability.

### d. Remedies Sought

Mr. Tolani is seeking two different forms of remedy. The first is specific performance, essentially asking the Court to transfer SNH's interests in both PPH Shreveport and PPH Natchez to Mr. Tolani. The second remedy is to seek monetary damages stemming from SNH's mismanagement of both PPH companies.

As to specific performance, Louisiana law gives a court discretion on whether to grant specific performance when a party fails "to perform an obligation that has another object, such as an obligation to do." La. Civ. Code Art. 1986. Louisiana courts have "by and large proceeded on the premise that specific redress should be ordered whenever possible, unless disadvantages of the remedy outweigh its advantages." J. Weingarten, Inc. v. Northgate Mall, Inc., 404 So.2d 896, 901 (La. 1981).

Likewise, Mississippi law views specific performance as "a remedy for breach of contract that is not a matter of right but of sound judicial discretion." Osborne v. Bullins, 549 So.2d 1337, 1339 (Miss. 1989) (citations omitted). Mississippi courts generally look at "the adequacy of damages to protect the expectation interest of the injured party" and the "level of transaction costs between the parties, and unless those costs are so high

8

that no voluntary exchange can take place, the court should order specific performance." Id. at 1340.

In the present case, Mr. Tolani requests that the Court grant him specific performance by requiring SNH to grant its interests in both PPH Shreveport and PPH Natchez to Mr. Tolani. Rec. Doc. 1. However, the Court notes that for both LLCs, withdrawal can either be through unanimous consent or the transfer or interests to any other person. Therefore, requiring SNH to transfer its interests to Mr. Tolani would seem to impose an additional restriction on the transferability of interests that does not exist in the Operating Agreements.

Further, as to the monetary damages, the Court feels that a hearing is required to better quantify the damages. First, the Court notes that at all times during this decline of the two LLCs, Mr. Tolani was also responsible for the management and decision making of the LLCs as he was in the same member-manager role as SNH. Both SNH and Mr. Tolani were essentially required for making all major decisions. It is thus unclear to the Court what responsibility Mr. Tolani may bear for the decline of the two hotels, as well as the associated damages. The Court expects evidence to be presented on this issue.

Because the Court feels that greater clarity is required regarding both the specific performance requested as well as monetary damages, the Court will hold a hearing on **April 12, 2022** at **1:30 p.m.** At a minimum, at that hearing, Mr. Tolani is expected to do the following: 1) explain why it is proper that the Court order SNH to transfer its interests to Mr. Tolani specifically rather than ordering SNH to transfer its interests to any other party and 2) present evidence as to what damages he has sustained as a result of SNH's breach of its fiduciary duties and the Operating Agreements.

9

### IV. Conclusion

For the foregoing reasons, the Motion for Default Judgment is **GRANTED** as to issues of liability as the Court finds that SNH has breached its fiduciary duties and the Operating Agreements of both PPH Shreveport and PPH Natchez. The Court **DEFERS** the issues of damages and remedies sought until after a hearing to more fully establish the record on these issues. A hearing on the issue of damages and remedies is hereby set for **April 12, 2022** at **1:30 p.m.** in Courtroom 4, Lafayette, Louisiana.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 2nd day of March, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT